UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 16-cr-20677-11

v.                                                    Honorable Thomas L. Ludington
                                                                   United States District Judge

LAMAR TERRELL SIMON,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

Defendant Lamar Terrell Simon is serving a 151-month term of imprisonment and seeks compassionate release based on the COVID-19 pandemic and his obesity. As explained hereafter, his Motion will be denied because neither of his reasons are extraordinary and compelling and the factors set forth in 18 U.S.C. § 3553 do not warrant release.

**I.**

In September 2017, Defendant pleaded guilty to conspiracy to possess with the intent to distribute and to distribute cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1), 846. ECF No. 463.

In January 2018, he was sentenced to 151 months' imprisonment followed by three years of supervised release. ECF No. 516 at PageID.3046–47. One year later, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied in April 2019. *United States v. Simon*, No. 16-20677-11, 2019 WL 1532523 (E.D. Mich. Apr. 9, 2019).

In September 2022, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 876. The Government opposes his Motion. ECF No. 879. The Motion is Defendant's second attempt to modify his sentence in some way.

Defendant's Motion for Compassionate Release will be denied because (1) he has not demonstrated extraordinary and compelling reason for release, and (2) the factors set forth in 18 U.S.C. § 3553 do not warrant release.

## II.

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, then this Court may deny the motion for compassionate-release without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

#### A.

The first issue is whether, before filing his Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant filed a request for release with the BOP on June 6, 2022. ECF No. 876 at PageID.7054–55. Because more than 30 days have passed, Simon has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).

#### B.

The next question is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step-two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). The Sixth Circuit has endorsed a textual analysis and requires courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances two reasons for early release: the COVID-19 pandemic and, more specifically, his heightened risk of hospitalization due to COVID-19 because he is obese. ECF No. 876 at PageID.7036–39. But neither reason is extraordinary or compelling.

i.

Defendant, who has been vaccinated against COVID-19, *see* ECF No. 879 at PageID.7071, cites "[t]he Affect [sic] Covid-19 has on the BOP" as an extraordinary and compelling reason for release from prison, noting that "a total of 100 BOP facilities have reported COVID-19 cases," ECF No. 876 at PageID.7038.

But, despite its adverse effects on inmates, numerous courts, including this Court, have found that COVID-19 is neither extraordinary nor compelling for purposes of § 3582(c)(1)(A). *E.g.*, *United States v. Hogg*, No. 1:11-CR-20220, 2022 WL 851719, at *4 (E.D. Mich. Mar. 22,

2022); *United States v. Burlingame*, No. 1:15-CR-20042, 2021 WL 5198510, at *4 (E.D. Mich. Nov. 9, 2021) (collecting cases).

Moreover, as the Sixth Circuit Court of Appeals has emphasized, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)).

### ii.

Defendant also asserts his obesity[1] increases his risk of severe illness from COVID-19 such that his sentence should be reduced. *See* ECF No. 876 at PageID.7036–38.

But Defendant did not raise the issue of his obesity to the BOP as a reason for compassionate release, so the BOP has not yet had the opportunity to consider whether Defendant's obesity puts him at such a risk of contracting COVID-19 that a sentence reduction is warranted. *See id.* at PageID.7054–55.

The purpose of § 3582(c)(1)(A)'s exhaustion requirement is to ensure that the BOP can consider an inmate's request first. *See United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020). Although this Court may consider arguments not presented to the BOP, Defendant's obesity is "not exigent enough to remove the BOP from the equation." *United States v. Curney*, No. 1:15-CR-20314, 2021 WL 9526010, at *2 (E.D. Mich. Oct. 5, 2021).

---

[1] Defendant represents he has a BMI of 38.5, but according to his self-reported height and weight, *see* ECF No. 876 at PageID.7036, his BMI is 33.5 according to the CDC BMI Calculator. *See* CENTERS FOR DISEASE CONTROL AND PREVENTION, *Adult BMI Calculator*, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Nov. 21, 2022), [https://perma.cc/K4GU-SSBA].

Because Defendant has not exhausted the issue with the BOP, his obesity should not be considered as an extraordinary and compelling reason for release. Even if his obesity were considered, it is neither extraordinary nor compelling.

Obesity is very common. *Adult Obesity Facts*, CDC, https://www.cdc.gov/obesity/data/adult.html [https://perma.cc/3ZSL-G65M] ("The US obesity prevalence was 41.9% in 2017—March 2020."). Although obesity is a known risk factor for COVID-19, *see United States v. Smith*, No. 1:16-CR-20677-8, 2022 WL 391959, at *4 (E.D. Mich. Feb. 8, 2022) (citing *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/4MB5-R8AC]), it is not an extraordinary or compelling condition that warrants release. *United States v. Smith*, No. 1:16-CR-20677-8, 2022 WL 391959, at *4 (E.D. Mich. Feb. 8, 2022).

### iii.

In sum, Defendant has not demonstrated that the existence of COVID-19 or his obesity are extraordinary or compelling. Consequently, his Motion for Compassionate Release will be denied.

### C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

This Court could decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is

lacking and do not need to address the others."). But, to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>     . . . .
> (5) any pertinent policy statement—
>     . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

This Court has already sentenced Defendant after considering the § 3553(a) factors. *See* ECF No. 516. This Court's "initial balancing of the § 3553(a) factors during [Defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021). And Defendant has not demonstrated any flaw in this Court's analysis.

Defendant only vaguely addresses the § 3553 factors by stating that "there is nothing about the nature and circumstances of [his] crime that would prohibit rehabilitation," ECF No. 876 at PageID.7041, and that he has completed "a number of classes," *id*. at PageID.7053. Although commendable, Defendant's completion of classes does not outweigh the serious nature of his crime or the need to afford adequate deterrence to it.

Defendant's reasons for release must "warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). That inquiry depends, at least in part, on the time remaining on Defendant's sentence, as it requires him to justify the magnitude of his requested reduction. *Id.* Thus, Defendant must show that his reasons for release are so powerful that they "warrant" a five-year "reduction." *See id.*; *Ruffin*, 978 F.3d at 1008. But Defendant's argument—that rehabilitation is not prohibited and that he has taken some classes—does not warrant a five-year reduction.

For these reasons, Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today or that consideration of the § 3553(a) factors warrant a sentence reduction. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 BELMONT L. REV. 267, 272 (2014) ("Section 3553(a)(2) requires that a defendant's sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))). Consequently, his Motion will be denied.

**IV.**

Accordingly, it is **ORDERED** that Defendant's for Compassionate Release, ECF No. 876, is **DENIED WITH PREJUDICE**.

Dated: November 22, 2022        s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge